UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ANA FASTAG

                Plaintiff,

           - against-

UNITED STATES OF AMERICA and UNITED
STATES POSTAL SERVICE,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No.
20-CV-2291

(Vitaliano, J.)
(Orenstein, M.J.)

**ANSWER**

Defendant UNITED STATES OF AMERICA, by and through its attorney, Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, and Dara A. Olds, Assistant United States Attorney, of counsel, hereby responds to the correspondingly numbered paragraphs of the Complaint ("Complaint") of Plaintiff Ana Fastag ("Plaintiff"), filed May 26, 2020, upon information and belief, as follows:

**IN ANSWER TO THE SECTION TITLED "JURISDICTIONAL ALLEGATIONS"**

    1.    Defendant lacks knowledge or information sufficient to form a response to the allegations set forth in Paragraph 1.

    2.    Paragraph 2 sets forth Plaintiff's characterization of the Complaint and legal conclusions to which no response is required; to the extent a response is deemed required, Defendant denies the allegations set forth in Paragraph 2.

    3.    Defendant denies the allegations set forth in Paragraph 3, except admits only that the United States Postal Service ("USPS") is an independent establishment of the executive branch of the federal government.

1

4. Paragraph 4 sets forth legal conclusions to which no response is required; to the extent a response is deemed required, these allegations are denied.

5. Defendant denies that the Plaintiff filed a signed and executed Standard Form 95 with USPS, except admits that on October 17, 2018, a package was received and signed for at the Cadman Plaza Station in Brooklyn, NY which appeared to come from Plaintiff.

6. Paragraph 6 sets forth conclusions of law to which no response is required; to the extend a response is deemed required, these allegations are denied.

7. Paragraph 7 sets forth conclusions of law to which no response is required; to the extend a response is deemed required, these allegations are denied.

8. Paragraph 8 sets forth conclusions of law to which no response is required; to the extend a response is deemed required, these allegations are denied.

9. Paragraph 9 sets forth legal conclusions to which no response is required; to the extent a response is deemed required, these allegations are denied.

**IN ANSWER TO THE SECTION TITLED "AS AND FOR A FIRST CAUSE OF ACTION"**

10. Defendant denies the allegations set forth in Paragraph 10.

11. Defendant denies the allegations set forth in Paragraph 11.

12. Defendant denies the allegations set forth in Paragraph 12.

13. Defendant denies the allegations set forth in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a response to the allegations set forth in Paragraph 14.

15. Defendant denies the allegations set forth in Paragraph 15.

16. Paragraph 16 sets forth conclusions of law to which no response is required; to the extend a response is deemed required, these allegations are denied.

17. Defendant denies the allegations set forth in Paragraph 17, except admits only that it leases the premises known as the "Tottenville Station" located at 228 Main Street, Staten Island, New York 10307.

18. Defendant denies the allegations set forth in Paragraph 18, except admits only that it leases the premises known as the "Tottenville Station" located at 228 Main Street, Staten Island, New York 10307.

19. Defendant lacks knowledge or information sufficient to form a response to the allegations set forth in Paragraph 19.

20. Defendant denies the allegations set forth in Paragraph 20.

21. Defendant denies the allegations set forth in Paragraph 21.

22. Defendant denies the allegations set forth in Paragraph 22.

23. Defendant denies the allegations set forth in Paragraph 23.

24. Defendant denies the allegations set forth in Paragraph 24.

25. Defendant denies the allegations set forth in Paragraph 25.

26. Paragraph 26 sets forth conclusions of law to which no response is required; to the extend a response is deemed required, these allegations are denied.

27. Defendant denies the allegations set forth in Paragraph 27.

28. The "WHEREFORE" clause of the Complaint constitutes Plaintiff's prayer for relief, to which no response is required. To the extent that the "WHEREFORE" clause is deemed to contain factual allegations to which a response is required, Defendant denies the allegations.

## **DEFENSES**

### **FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant United States was not negligent and did not breach any duty to Plaintiff.

**THIRD DEFENSE**

None of Defendant's acts or omissions was the cause in fact or proximate cause of any injury to Plaintiff or any of the damages alleged in the Complaint.

**FOURTH DEFENSE**

Plaintiff was negligent, and her negligence was the proximate cause of the damages alleged in the Complaint.

**FIFTH DEFENSE**

In the event that Defendant is found to have been negligent, which Defendant denies, Plaintiff and/or other parties, for whom Defendant cannot be held liable, were comparatively negligent, and their negligence was the proximate cause of, and contributed to, any alleged damages, thereby mandating that recovery be proportionately reduced, pursuant to N.Y. C.P.L.R. §1411.

**SIXTH DEFENSE**

Plaintiff's recovery, if any, is limited by her failure to mitigate her damages.

**SEVENTH DEFENSE**

In the event that the Court enters a judgment against Defendant, that judgment must be reduced, pursuant to N.Y. C.P.L.R. §4545 and other applicable New York State laws, by the amounts that Plaintiff has been, or will be with reasonable certainty, reimbursed or indemnified by any collateral source, including but not limited to, insurance, Social Security, Workers' Compensation, or Employee Benefit programs, for any past or future economic loss arising from the alleged injuries and damages.

### EIGHTH DEFENSE

Defendant's liability, if any, is limited with respect to any claim by Plaintiff for non-economic loss, pursuant to N.Y. C.P.L.R. §1601, to an equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total liability for non-economic loss, including persons or entities over whom Plaintiff could have obtained jurisdiction with due diligence.

### NINTH DEFENSE

Plaintiff is not entitled to a jury trial pursuant to the Federal Tort Claims Act, 28 U.S.C. §2402.

### TENTH DEFENSE

Plaintiff may not recover pre-judgment interest or punitive damages pursuant to 28 U.S.C. §2674.

### ELEVENTH DEFENSE

The damages alleged in Plaintiff's Complaint were caused by one or more unforeseeable, superseding acts.

### TWELFTH DEFENSE

Plaintiff's recovery, if any, against Defendant is limited to the amount of damages specified in her administrative claim.  28 U.S.C. §2675(b).

### THIRTEENTH DEFENSE

Should the Court award judgment in Plaintiff's favor, any such attorney's fees is taken out of the judgment or settlement, not in addition thereto, and are limited by statute to 25%.  28 U.S.C. §2678.

## FOURTEENTH DEFENSE

Under the provisions of the Federal Tort Claims Act, the only proper government defendant is the United States of America.  28 U.S.C. § 2679.  Therefore, the United States Postal Service is not a proper party to this action.

## FIFTEENTH DEFENSE

The Court lacks subject matter jurisdiction over this action based on Plaintiff's failure to exhaust her administrative remedies.

WHEREFORE, the United States respectfully requests judgment dismissing the Complaint in its entirety, and for such other and further relief as this Court may deem just and proper.

Dated:  Brooklyn, New York
       July 30, 2020

                                       SETH D. DuCHARME
                                       Acting United States Attorney
                                       *Attorney for the United States of America*
                                       Eastern District of New York
                                       271 Cadman Plaza East, 7th Floor
                                       Brooklyn, New York 11201
                       By:   /s/ Dara A. Olds
                                       DARA A. OLDS
                                       Assistant United States Attorney
                                       (718) 254-6148
                                       dara.olds@usdoj.gov

To:    Orin J. Cohen, Esq.
        *Counsel for Plaintiff*
        1162 Victory Boulevard
        Staten Island, New York 10301
        (718) 448-2889